# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JON P. KRUG, ) | CASE NO. 1:11-CV-00074 |
| ) | |
| Petitioner, ) | JUDGE SARA LIOI |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| BENNIE KELLY, ) | |
| ) | |
| Respondent. ) | |
| ) | **ORDER** |

This matter is before this Court for the preparation of a Report and Recommendation concerning Jon P. Krug's ("Krug") petition for a writ of habeas corpus challenging the constitutionality of his conviction in the case of *State v. Krug*, Lake County Court of Common Pleas Case No. 08CR000008.

On March 15, 2011, Krug filed a Motion For Leave To Pursue Discovery pursuant to Habeas Rule 6.  (ECF No. 6.)  He claims that the requested discovery would be relevant to grounds five and six of his petition, which assert the following:

> GROUND FIVE: Appellant Counsel was ineffective for failing to raise ineffective assistance of Trial counsel that failed to obtain toxicology results In Violation Of The Fifth, Sixth, And Fourteenth Amendment Of The United States Constitution And Section 10, Article I Of The Ohio Constitution.

> GROUND SIX: Appellant Counsel was ineffective for failing to raise Ineffective Assistance of Trial Counsel, that failed to contact two alibi eyewitnesses prior to trial and neglected to obtain a statement or proffer their critical testimony at trial in Violation Of The Fifth, Sixth, And Fourteenth Amendment Of The United

States Constitution And Section 10, Article I Of The Ohio Constitution.

(ECF No. 1.)

In his motion for discovery, Krug requests that he be furnished with MetroHealth Medical Center toxicology results from the victim, Jason Reihner, on the date of the felonious assault. (ECF No. 6.) He also requests interview transcripts of Lindsay Anderson and Jacqueline Sophilika. *Id*. Neither Anderson nor Sophilika were called as witnesses at trial.

> Rule 6. Discovery
>
> (a) Leave of court required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.
>
> (c) Deposition expenses. If the respondent is granted leave to take a deposition, the judge may require the respondent to pay the travel expenses, subsistence expenses, and fees of the petitioner's attorney to attend the deposition.

*Rules Governing § 2254 Cases*; *see also Bracy v. Gramley*, 520 U.S. 899, 909 (1997) ("We conclude that petitioner has shown 'good cause' for discovery under Rule 6(a). In *Harris*, we stated that 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry.' 394 U.S. at 299. Habeas Corpus Rule 6 is meant to be 'consistent' with *Harris*. Advisory Committee's Note on Habeas Corpus Rule 6, 28 U.S.C., p. 479.")

However, habeas petitioners do not have a right to discovery. *See, e.g., Stanford v. Parker*,

266 F.3d 442, 460 (6th Cir. 2001) ("The burden of demonstrating the materiality of the information requested is on the moving party.")  "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (citations omitted).  "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Id*. (*citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)).

The Court finds that Krug has failed to meet his burden.  To establish ineffective assistance of counsel, Krug must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985).  A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id*.  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  In other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

A review of the trial transcript reveals that the victim, Jason Reihner, testified that he had some trouble in the past with drinking and driving, that he was treated for alcohol withdrawal while he was at the hospital for treatment of his stab wounds, and that on the night in question he consumed at least seven beers. (ECF No. 7-1, Exh. 3.)  Under these circumstances, the Court

fails to see how the toxicology results of the victim's blood-alcohol content would have impacted the outcome of the trial. The toxicology results in this context would merely be cumulative to evidence that was already before the jury.

Krug asserts that counsel failed to contact two "alibi" eyewitnesses prior to trial and neglected to obtain their statements or proffer their testimony at trial.[1] (ECF No. 1.) During the trial, the prosecution objected to these witnesses because of late notice. (ECF No. 9-15, Tr. 975-77.) Defense counsel informed the Court that a private detective was unable to track down the witnesses until the day before trial, at which time the prosecution was informed of their identity. *Id*. A review of the trial transcript further reveals that defense counsel had spoken to the two "alibi" witnesses and was familiar with their potential testimony. (Tr. 979, 991.) The prosecution had two audio recorded interviews of the witnesses taken after their identity was disclosed. (Tr. 988-89.) As defense counsel had not reviewed the recordings, the trial court permitted someone from defense counsel's office to do so. (Tr. 990.) The defense did not call either of these witnesses. *Id*.

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Though Krug seems to believe that these two witnesses would have corroborated his rendition of events, he offers no basis for this belief. His conclusory allegations are insufficient. The Eleventh District Court of Appeals ("state appellate court"), when addressing the same argument in Krug's Appellate Rule 26(B) application, found that Krug did "not demonstrate how

---

[1] Though Krug refers to Lindsay Anderson and Jacqueline Sophilka as "alibi" witnesses, Krug testified at trial and conceded that he stabbed the victim. (ECF No. 1; ECF No. 9-16, Tr. 1173.) Instead, he has asserted that he did not instigate the fight.

these witnesses would have provided testimony more favorable to him than the witnesses that *were* presented at trial." (ECF No. 7-1, Exh. 1 at 6.) Citing Ohio law, the state appellate court further explained that "[t]he decision to call a witness is within the rubric of trial strategy and will not be second guessed by a reviewing court." *Id*. (internal quotations omitted). The state appellate court's ruling is consistent with federal law, as mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that the challenged conduct of a petitioner's counsel was a matter of strategy. *Strickland*, 466 U.S. *at 689*; *see also United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

The Court is not inclined to allow discovery based purely on speculation, as such would be tantamount to a fishing expedition. After speaking with the witnesses, having someone from his office listen to the recorded interviews of the same witnesses, and being fully aware that these witnesses could be impeached due to prior convictions for obstruction of justice and petty theft (Tr. 987), defense counsel made a strategic decision to not call these witnesses. In addition, even if the witnesses' statements were consistent with Krug's testimony, Krug would not thereby be clearly entitled to habeas relief.

For the foregoing reasons, Krug's Motion For Leave To Pursue Discovery (ECF No. 6) is DENIED.

IT IS SO ORDERED.

/s/ Greg White
U.S. MAGISTRATE JUDGE

Date: May 16, 2011