UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JON P. KRUG, | ) | CASE NO. 1:11CV0074 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| BENNIE KELLY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Petitioner Jon P. Krug ("Krug") filed a *pro se* petition for writ of habeas corpus on January 12, 2011.[1] On March 15, 2011, he filed a motion for leave to pursue discovery pursuant to habeas Rule 6. (Doc. No. 6.) Respondent filed his opposition to the motion for discovery (Doc. No. 7) and Krug filed a reply (Doc. No. 8). On May 16, 2011, Magistrate Judge Greg White denied Krug's motion (Doc. No. 12)[2] and, on May 24, 2011, Krug filed objections to that order (Doc. No. 13). No response to the objections has been filed; however, Krug has filed a motion (Doc. No. 15) for an evidentiary hearing or a certificate of appealability relating to the very same issues raised in his objections. These matters are ripe for resolution.

Under Fed.R.Civ.P. 72(a), when a magistrate judge decides a non-dispositive matter in a referred case, if a party files objections, the district judge must timely consider those

---

[1] Krug was convicted in state court on felonious assault charges for stabbing two victims during a bar fight. He was sentenced to an aggregate of thirty-seven (37) years and six (6) months in prison.

[2] Subsequent to the issuance of the order denying the motion, this case was reassigned to the newly appointed Magistrate Judge Kathleen Burke pursuant to General Order 2011-18.

objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Habeas petitioners have no automatic right to discovery. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). However, under Rule 6(a) of the Rules Governing Habeas Corpus Cases under Section 2254 a judge may, for good cause, permit discovery, "provided that the habeas petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001).

In this case, petitioner has argued that he needs the following discovery:

(1) Toxicology results from MetroHealth Medical Center in Cleveland, Ohio belonging to "Jason Reihner" on or about December 30, 2007.

(2) The transcriptions of two twenty minute audio recordings of interviews with Lindsay Anderson and Jacqueline Sophilika.

Krug claims that this discovery is necessary to support two grounds for relief raised in his habeas petition.

First, Ground Five asserts a claim of ineffective assistance of appellate counsel for failing to raise that trial counsel provided ineffective assistance when he failed to obtain the relevant toxicology results. In his petition, Krug asserts that, although the jury heard evidence that one of the two stabbing victims tested positive for marijuana, because of the lack of these toxicology reports it was left with the impression that the other victim was drug free. He claims that, had toxicology evidence been presented, it would have given credence to his own testimony that this second victim had acted hostile toward him and that he stabbed him in self defense.

Second, Ground Six asserts a claim of ineffective assistance of appellate counsel for failing to raise that trial counsel provided ineffective assistance when he failed to contact two

"alibi" eye witnesses prior to trial and neglected to obtain their statements or proffer their testimony at trial. Krug claims that the two witnesses, Lindsay Anderson and Jacqueline Sophilika, would have been favorable witnesses for his defense.[3]

The Magistrate Judge ruled that Krug had not met his burden of showing that the outcome of the trial would have been different had his trial counsel not failed in the two respects raised in Grounds Five and Six. First, he ruled that, because there was evidence before the jury (by the second victim's own testimony) that the victim had consumed at least seven beers on the night of the bar fight, that he had past problems with drinking and driving, and that he was treated for alcohol withdrawal at the hospital when he was treated for his stab wound, any actual toxicology tests would have merely been cumulative evidence. Second, he ruled that defense counsel had informed the trial court of the existence of two witnesses that a private investigator had been unable to track down sooner than one day before trial. The prosecution was in possession of recorded interviews with these two witnesses. Krug asserts that the witnesses saw the melee and would have been able to testify with respect to Krug's duty to retreat. But defense counsel did not call the witnesses. The Magistrate Judge ruled that this was mere trial strategy since someone from defense counsel's office had reviewed the recordings and apparently made the decision not to call the witnesses due to the possibility they could be impeached because of prior convictions for obstruction of justice and petty theft. The Magistrate Judge also ruled that, even if the witnesses' statements would have been consistent with Krug's own testimony, he would not thereby be clearly entitled to habeas relief.

---

[3] Krug refers to these witnesses as "alibi" witnesses; however, he testified at trial that he stabbed at least one of the two victims, so they are not true alibi witnesses. Instead, he wants to use them as eye witnesses to support his claim of self defense.

Krug raises two objections.[4] First, he asserts that the toxicology reports were necessary to "identify additional mind altering substances, including but not limited to cocaine[,]" which would have been relevant to his assertion of self defense. Evidence of substance abuse on the part of a victim is admissible insofar as it is relevant to the claim of self-defense. *State v. Randle*, 69 Ohio App.2d 71, 73 (Ohio App. 10 Dist. 1980). Here there was evidence that the victim had an alcohol problem. Krug claims to need the toxicology report to determine if there were other substances, e.g., cocaine, in the victim's blood. However, he points to nothing in the record which would suggest that the victim also had a cocaine problem, such that one might expect to find cocaine in his blood. "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)). "'Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact.'" *Id.* (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)). The Court, therefore, finds nothing "clearly erroneous or [ ] contrary to law" in the Magistrate Judge's denial of discovery to obtain toxicology reports. This objection is rejected.

Krug's second objection is that, contrary to the Magistrate Judge's order, defense counsel did not contact the "alibi" witnesses one day before trial, but only contacted them on the third day of trial, neglected to take notes during his brief phone conversations with them, and claimed not to know what they had to say. In denying discovery of the transcripts of the interviews with the two "alibi" witnesses, the Magistrate Judge concluded that the state appellate court's rulings (that Krug had not demonstrated how the testimony of these witnesses would

---

[4] Krug raises one small factual error in the Magistrate Judge's order which is of no consequence for purposes of the motion for discovery: reference on page three to the victim's wounds as plural when he was injured only once.

4

have been more favorable to him than the witnesses who did testify at trial and that the decision to call a witness amounted to trial strategy which will not be second guessed) were "consistent with federal law, as mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that the challenged conduct of a petitioner's counsel was a matter of strategy." Order, Doc. No. 12, at 5 (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990)). This Court finds nothing "clearly erroneous or [ ] contrary to law" in this conclusion. Therefore, the second objection is rejected.

For the reasons discussed above, Krug's objections to the Magistrate Judge's Order (Doc. No. 12) are rejected and the ruling denying the motion for discovery is affirmed. Further, Krug's motion for an evidentiary hearing (Doc. No. 15) is denied.

**IT IS SO ORDERED**.

Dated: September 13, 2011

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**