# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JON P. KRUG, | ) | CASE NO. 1:11CV0074 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| BENNIE KELLY, | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Kathleen B. Burke, recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 18.) Pro se petitioner Jon P. Krug ("petitioner" or "Krug") filed objections. (Doc. No. 19.) Respondent filed neither his own objections nor any response to petitioner's objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted its de novo review of the matters raised in the objections. For the reasons discussed below, the objections are all overruled and the R&R is accepted.

## I. BACKGROUND

Following a jury trial where petitioner was represented by counsel, on April 28, 2008, petitioner was convicted in Lake County Court of Common Pleas of four counts of felonious assault with repeat violent offender ("RVO") specifications and one count of carrying a concealed weapon. He was subsequently sentenced to thirty-seven (37) years and six (6) months in prison. (Doc. No. 9-5 at 209, 214.)

Represented by new counsel, petitioner filed a direct appeal.[1] (Doc. No. 9-5 at 218.) On August 3, 2009, the Eleventh District Court of Appeals of Ohio affirmed the convictions and sentences (Doc. No. 9-6 at 334) and, on December 30, 2009, the Ohio Supreme Court declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question (*Id*. at 452).[2] On March 3, 2010, the Ohio Supreme Court denied

_____

[1] Petitioner asserted five assignments of error:

    1.      The trial court erred when it restricted the defense from presenting evidence regarding the victim's habit of and reputation for ejecting bar patrons in a violent manner in violation of the defendant-appellant's rights to due process and fair trial and to present and confront witnesses as guaranteed the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Section 10, Article I of the Ohio Constitution.

    2.      The trial court erred when it refused to submit the defendant-appellant's proposed jury instructions on aggravated assault and assault in violation of the defendant-appellant's rights to due process and fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.

    3.      The trial court erred when it refused to submit the defendant-appellant's proposed jury instruction on accident in violation of the defendant-appellant's rights to due process and fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.

    4.      The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.

    5.      The trial court erred by imposing consecutive prison terms under the repeat violent offender specifications in violation of the defendant-appellant's rights to due process and trial by jury and against double jeopardy as guaranteed under the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and Section 10, Article I of the Ohio Constitution.

(Doc. No. 9-5 at 229-32.)

[2] Petitioner represented himself before the Ohio Supreme Court and raised three propositions of law:

    I.      The trial court erred when it refused to submit the defendant-appellant's proposed jury instruction of the inferior degree in violation of the defendant-appellant's rights to due process and fair trial by jury as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 10 and 16, Article I of the Ohio Constitution.

    II.      The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.

    III.      The trial court erred by imposing consecutive prison terms under the repeat violent offender specifications in violation of the defendant-appellant's right to due process and trial by the jury and against double jeopardy as guaranteed under the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, and Section 10, Article I of the Ohio Constitution.

(Doc. No. 9-6 at 378.)

petitioner's motion for reconsideration, wherein he had argued that he was not subject to an RVO specification and had also sought to supplement the record. (Doc. No. 9-6 at 461.)

On January 27, 2009, while his direct appeal was pending, petitioner filed a pro se post-conviction petition to vacate or set aside judgment of conviction or sentence.[3] (Doc. No. 9-6 at 462.) On February 23, 2009, the trial judge dismissed the petition based upon a merits review and upon a finding that the issues could have been raised on direct appeal and were, therefore, barred by *res judicata*. (Doc. No. 9-7 at 485.) On March 12, 2009, petitioner filed a pro se appeal[4] and, in his brief, included motions to "add additional claims," which actually sought to supplement the record with additional evidence, and for expert assistance. (Doc. No. 9-7 at 489, 496.) On June 3, 2009, the Eleventh District Court of Appeals denied both of petitioner's motions, concluding that only the trial court had authority to grant them. (Doc. No. 9-7 at 552.) After the State filed its appellate brief, on July 29, 2009, petitioner filed a motion to remand his

---

[3] In a handwritten petition, petitioner raised two claims: (1) that he was "outright slandered in local newspaper prior to jury trial" in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; and (2) that defense counsel "failed to obtain statements or fully investigate potential witnesses." (Doc. No. 9-6 at 463, 470.)

[4] Petitioner raised four "arguments":

First Argument: Ineffective assistance of trial counsel when he failed to ensure a fair and impartial jury trial as guaranteed under the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

Second Argument: Ineffective assistance of trial counsel when he failed to conduct a reasonable investigation to make informed decisions about who's [sic] testimony to proffer at trial in violation of the defendant-petitioners [sic] rights to due process, a fair trial, and to present witnesses as guaranteed under the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

Third Argument: Ineffective assistance of trial counsel when he failed to obtain evidence to proffer at trial in violation of the defendant-petitioners [sic] rights to due process and a fair trial as guaranteed under the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

Fourth Argument: Ineffective assistance of trial counsel when he failed to consult an expert to determine depth and angle of contraversial [sic] injuries in violation of the defendant-petitioners [sic] rights to due process, a fair trial, and present [sic] witnesses as guaranteed under the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

(Doc. No. 9-7 at 497-99.)

petition to the trial court, arguing that he had failed to include all his available claims in his post-conviction petition because the Ohio public defender had declined to handle his case and had not timely returned all his documents. (Doc. No. 9-7 at 574.) On October 1, 2009, the court of appeals denied the motion to remand. (Doc. No. 9-7 at 581.) On November 27, 2009, the court of appeals affirmed the trial court's dismissal of the post-conviction petition. (Doc. No. 9-7 at 587.) Petitioner did not appeal the affirmance, but, on November 12, 2009, appealed the denial of his motion to remand.[5] (Doc. No. 9-7 at 598.) On February 10, 2010, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal. (Doc. No. 9-7 at 635.)

On December 11, 2009, proceeding pro se, petitioner also filed under Ohio Civ. R. 60(B) for relief from the trial court's February 23, 2009 denial of his post-conviction petition.[6] (Doc. No. 9-8 at 636.) The trial court denied petitioner's motion on January 7, 2010. (Doc. No. 9-8 at 672.) Petitioner did not appeal.

On October 22, 2009, petitioner filed a pro se application to reopen his appeal.[7] (Doc. No. 9-8 at 675.) On December 22, 2009, the Eleventh District Court of Appeals denied the

---

[5] Petitioner raised one proposition of law:

> Appellate counsel hindered petitioners [sic] opportunity to fairly present his claims by reneging on representation with an erroneous evaluation, while retaining evidentiary material in violation of the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

(Doc. No. 9-7 at 601.)

[6] He raised a single proposition of law, the same one he had raised before the Ohio Supreme Court when he appealed the denial of his motion to remand. *See*, n. 5, *supra*. (Doc. No. 9-8 at 637.)

[7] Petitioner raised two assignments of error:

> First Assignment of Error: Appellant Counsel was ineffective for presenting "previously considered" direct appeal on an incorrect and incomplete record in violation of the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

> Second Assignment of Error: Appellant counsel was ineffective for failing to raise ineffective assistance of trial counsel in violation of the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

4

application to reopen. (Doc. No. 9-9 at 783.) Petitioner immediately sought to amend his application to reopen, but that request was denied on March 22, 2010. (Doc. No. 9-9 at 792; 802.) His April 14, 2010 appeal of this denial to the Ohio Supreme Court was dismissed on June 23, 2010 (Doc. No. 9-9 at 861; 883), and a subsequent request for reconsideration was also denied on August 25, 2010 (Doc. No. 9-9 at 884, 893).

In the meantime, on March 8, 2010, petitioner challenged the denial of reopening his appeal by way of a Rule 60(B) motion, arguing that the clerk had not notified him of the December 22nd ruling. (Doc. No. 9-9 at 806.) On April 23, 2010, the court of appeals granted the motion and instructed the clerk to refile the previous ruling so as to restart the clock for purposes of appeal to the Ohio Supreme Court. (Doc. No. 9-9 at 826.) Petitioner then unsuccessfully appealed the denial of reopening to the Ohio Supreme Court, which dismissed his appeal on July 20, 2010. (Doc. No. 9-9 at 829; 860.)

On December 16, 2010, petitioner filed in the trial court a pro se motion for resentencing, asserting that he was improperly designated RVO and that the sentencing entry was inaccurate with respect to the post-release control period. (Doc. No. 9-9 at 894.) The State conceded the latter assertion and moved for resentencing to correct the entry with respect to post-release control. (Doc. No. 9-9 at 902.) Although the ruling itself is not in this record, petitioner states in his traverse that the trial court denied both motions on May 3, 2011. (Doc. No. 14 at 2460.)

On January 12, 2011, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. He raised ten grounds for relief:

---

(Doc. No. 9-8 at 676.)

1.      Counsel was ineffective for failing to distinguish defendant's prior record from wrongly being designated a repeat violent offender in violation of the fifth, Sixth and Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

2.      Appellant Counsel was ineffective for presenting "previously considered" direct appeal on an incorrect and incomplete record in violation of the Fifth, Sixth and Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

3.      Appellant counsel presented a deficient argument by neglecting testimony from the triers of fact that strongly supports the previously considered inferior instructions in violation of the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

4.      Appellant Counsel was ineffective for failing to raise ineffective assistance of Trial Counsel that failed to motion for a mistrial when the Trial Court rendering voir dire partial In Violation Of The Fifth, Sixth And Fourteenth Amendment Of The United States Constitution And Section 10, Article I Of The Ohio Constitution.

5.      Appellant Counsel was ineffective for failing to raise ineffective assistance of Trial Counsel that failed to obtain the toxicology results In Violation Of The Fifth, Sixth, And Fourteenth Amendment Of The United States Constitution And Section 10, Article I Of The Ohio Constitution.

6.      Appellant Counsel was ineffective for failing to raise Ineffective Assistance of Trial Counsel, that failed to contact two alibi eyewitnesses prior to trial and neglected to obtain a statement or proffer their critical testimony at trial in Violation Of The Fifth, Sixth, and Fourteenth Amendment Of The United States Constitution And Section 10, Article I Of The Ohio Constitution.

7.      Appellant Counsel was ineffective for failing to raise ineffective assistance of Trial Counsel, that failed to investigate the strength of witnesses because weaker witness was called to testify instead of witness with "powerful support" for defense In Violation Of The Fifth, Sixth, And Fourteenth Amendment Of The United States Constitution And Section 10, Article I Of The Ohio Constitution.

8.      Appellant Counsel was ineffective for failing to raise ineffective assistance of Trial Counsel, that neglected to oppose the Trial Court's premeditated intentions to notify the jury that Appellant was in custody and wearing a leg restraint In Violation Of The Fifth, Sixth, and

6

Fourteenth Amendment Of The United States Constitution And Section 10, Article I Of The Ohio Constitution.

9.      Appellant Counsel was ineffective for failing to raise ineffective assistance of Trial Counsel, that neglected to explore the amount of prejudice the juror distractions caused In Violation Of The Fifth, Sixth, and Fourteenth Amendment Of The United States Constitution And Section 10, Article I Of The Ohio Constitution.

10.     Trial Counsel was ineffective for failed [sic] to ensure a fair and impartial jury trial due to slanderous pretrial publicity In Violation Of The Fifth, Sixth, and Fourteenth Amendment Of The United States Constitution And Section 10, Article I Of The Ohio Constitution.

(Doc. No. 1 at 7-21.)

The Magistrate Judge concluded in her R&R that Ground Ten is procedurally defaulted. She separately reviewed each of the other grounds on the merits. Her conclusions and recommendations are discussed below, along with petitioner's objections.

## II. DISCUSSION

### A.      Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at * 1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district

judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting its de novo review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No.104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of

materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant [for a writ of habeas corpus] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## B.    De Novo Review of Objections

Before addressing the objections with respect to each of his individual grounds, petitioner raises what appear to be general objections to the R&R, identified by Roman numerals "I," "II," and "III."

In "I," petitioner challenges that the R&R "offers the same summary of facts [he] contested in [his] Traverse." (Doc. No. 19 at 2545.) He asserts that he has provided "clear and convincing evidence that the State's Summary [of facts] infers conclusions that conflict testimony [sic] and excludes facts favorable to my defense." (Doc. No. 19 at 2545-46.) He further asserts that "the State conceded to several factual errors in evidence including their 'statement of facts', post summary and Opinion." (Doc. No. 19 at 2546, citing Ex. 40 at 744-45.) To the extent these statements are objections, they are overruled. Under 28 U.S.C. §2254(e)(1), a state court's findings are presumed to be correct absent clear and convincing evidence to the contrary. Petitioner asserts that some testimony offered in his defense was omitted from the factual summary. While it may be true that every detail of every witness's testimony is not

9

included in the summary, petitioner's assertions do not establish by clear and convincing evidence that the factual summary is incorrect as a whole.

In "II," petitioner states that "[t]he Magistrate implies several procedural defaults[,] [m]ost of which is a direct result of ineffective assistance." (Doc. No. 19 at 2546.) He argues "it would be a miscarriage of justice if procedural default prevented this Court from reviewing any of my claims." To the extent this can be construed as an objection, it is overruled. Petitioner acknowledges that he must show cause for any default and prejudice. His cursory argument fails in that regard.

In "III," petitioner seems to challenge a previous decision to deny his request to expand the record. (*See* Doc. No. 16, affirming the Magistrate Judge's denial of petitioner's motion for discovery and denying petitioner's motion for an evidentiary hearing.) This is outside the scope of the R&R's conclusions with respect to his underlying petition. Therefore, to the extent "III" can be characterized as an objection, it is overruled.

### 1.    Procedural Default - Ground Ten

In ground ten, petitioner asserts that trial counsel was ineffective for failure "to ensure a fair and impartial jury trial due to slanderous pretrial publicity[.]" Petitioner's reference is to an article that appeared in a local newspaper after he was charged, wherein an investigating detective, in petitioner's view, "maliciously slandered" him. (*See* Article, Doc. No. 9-6 at 466.)

The R&R recommends denying ground ten because it is procedurally defaulted. "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C.

10

§ 2254(b)(1)(A). A state defendant with a federal constitutional claim must first fairly present the claim to the state courts and, in particular, to the state's highest court, before raising it in a habeas proceeding. 28 U.S.C. § 2254(b)(1), (c). Where a petitioner has failed to fairly present his federal claim to the state courts and a state procedural bar now prohibits the state court from considering it, the claim is procedurally defaulted in federal court. *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("If the state court adjudicates and rejects a claim on adequate and independent state grounds, such as a state procedural rule that precludes adjudicating the claim on the merits, the petitioner is barred by this procedural default from seeking federal habeas review of such claim, unless the petitioner can show 'cause and prejudice' for the default.") (citation omitted).

The R&R further concludes that petitioner has failed to show cause for the procedural default, prejudice from the default, or that a fundamental miscarriage of justice will result from non-review of this ground for relief. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

By way of objection to the R&R's conclusion that ground ten is procedurally defaulted, petitioner points to his traverse (Doc. No. 14), and reasserts that his trial counsel, a local city prosecutor, "labored under a conflict of interest," because the detective quoted in the newspaper article was a "co-worker." According to petitioner, counsel "was unjustified in ignoring this unlawful publicity that was clearly intended to incite public hatred prior to this

11

trial." (Doc. No. 14 at 2475.) Petitioner asserts that the R&R "denounces [his] detailed explanation to overcome the procedural bar, including a State public defender who reneged on representation [for his post-conviction petition] and mislead [sic] [him] with a detachment letter which described the slander as infuriating, but claim[ed] [his] remedy was in civil court against the newspaper." (Doc. No. 19 at 2551-52, citing Letter, Doc. No. 9-8 at 655-56.) He argues that the R&R exacerbates the situation by ignoring that he "was forced to correct another procedural hurdle after the Ohio Clerk of Court wrongly issued my pro se App. R. 26(B) notice to ex-appellate counsel." (Doc. No. 19 at 2552.)

The challenge to pretrial publicity was first raised by petitioner in his pro se *post-conviction* petition. The trial court, in denying that petition, and the Ohio court of appeals in affirming the denial, found that it was barred by *res judicata* because it had not been raised on direct appeal. Petitioner did not seek discretionary review of that ruling by Ohio's highest court and, therefore, as noted by the R&R, has not met the fair presentation requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-46 (1999) (to satisfy the exhaustion requirement, state prisoner was required to present his claim to the state's highest court even though its review was discretionary).

Petitioner's objections are to no avail because they do not address the actual procedural default cited by the R&R, namely, failure to raise this ground on *direct appeal*. The two "facts" petitioner points to in support of his objection are unrelated to his direct appeal.[8]

Accordingly, petitioner's objection relating to ground ten is overruled.

---

[8] Although petitioner also argues that the adverse pretrial publicity "probably resulted in [his] wrongful conviction[,]" (Doc. No. 19 at 2552), this is completely unsupported conjecture. Therefore his brief "actual innocence" argument need not be addressed.

2.      **Merits Review - Grounds One to Nine**

The Court notes, as does the R&R, that each of these grounds asserts ineffectiveness of appellate counsel.[9]

Grounds one through three argue that appellate counsel was ineffective in the following ways: (1) failing to show that Krug's prior criminal record excluded him from being designated RVO; (2) failing to point out two errors in the State's submissions on direct appeal, namely, an inaccurately identified photograph and an inaccurately identified blood stain; and (3) failing to point out on direct appeal that, when polled, two jurors acknowledged that the verdicts were theirs, but added "according to the letter of the law."

Grounds four through nine argue that appellate counsel was ineffective for failing to argue that *trial* counsel was ineffective in the following ways: (4) failure to move for a mistrial during voir dire; (5) failure to obtain the bar owner victim's toxicology report; (6) failure to contact two "alibi eyewitnesses" to obtain their statements and failure to proffer their testimony at trial; (7) failure to call the strongest witnesses at trial; (8) failure to challenge the trial court's decision to notify the jury that Krug was in custody due to inability to post bond and was limping due to a leg restraint; and (9) failure to move for a mistrial on the basis of the trial court's failure to explore the impact of juror distractions.

"Ineffective assistance under *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] is deficient performance by counsel resulting in prejudice, with performance being measured against an objective standard of reasonableness, under prevailing professional norms[.]" *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (citations and internal quotation marks omitted).

---

[9] To the extent there may also be a challenge in ground one to the effectiveness of trial counsel, such challenge is procedurally defaulted and will not be considered.

"Ineffective assistance of appellate counsel claims are governed by the same *Strickland* standard as ineffective assistance of trial counsel." *Webb v. Mitchell*, 586 F.3d 383, 398 (6th Cir. 2009). "To establish deficient performance, [petitioner] must demonstrate his appellate counsel made an objectively unreasonable decision by choosing to raise other issues instead of this ineffective assistance of trial counsel issue, meaning that issue 'was clearly stronger than issues that counsel did present.'" *Id*. at 399 (quoting *Smith v. Robbins*, 528 U.S. 259, 285 (2000)). "To establish prejudice, [petitioner] must demonstrate 'a reasonable probability that, but for his counsel's unreasonable failure to' raise this issue on appeal, 'he would have prevailed.'" *Id*. (quoting *Robbins*, 528 U.S. at 285). "But, taking a step back, a petitioner cannot show that appellate counsel was ineffective for failing to raise a claim on appeal if the underlying claim itself lacks merit." *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013) (citing *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008)) ("if the underlying substantive claims have no merit, the applicant cannot demonstrate that counsel was ineffective for failing to raise those claims on appeal"). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Harrington*, 131 S. Ct. at 788.[10]

### a.    *Ground One*

With respect to ground one, failure to distinguish his prior record for purposes of RVO designation, the R&R concluded that, to the extent this ground challenges actions of trial counsel, it is procedurally defaulted because it was not raised on direct appeal. As to any

---

[10] Petitioner cites *Strickland* and *Harrington* in the introductory paragraphs of his objections and states that their standards are "highly deferential." Of course, that deference is afforded to counsel's performance, not to a pro se petitioner's arguments in hindsight.

challenge to appellate counsel's actions, because default was not as clear, the R&R addressed the merits and determined that, since petitioner's ground was based on an incorrect premise, it was not ineffective assistance to fail to make an argument on that premise.

In his objection, petitioner simply reargues the merits of the underlying claim, not the ineffectiveness of his counsel. He points to no incorrect conclusion made by the R&R and makes no attempt to argue the requisite cause and prejudice standard.

Therefore, petitioner's  objection with respect to ground one is overruled.

**b.**    ***Ground Two***

In ground two, petitioner challenges appellate counsel's failure to point out two minor errors made by the State in its submission on direct appeal.[11] Petitioner raised this issue in his pro se application to reopen his appeal and the court of appeals determined that "[t]hese minor errors [did not] affect the integrity of the record on appeal." (Doc. No. 9-9 at 786.)

The R&R concluded that Krug had failed to establish a reasonable probability that, but for counsel's failure to point out these minor errors, the outcome of the proceeding would have been different.

Objecting, petitioner states that "appellate counsel . . . neglected to correct the State's errors." (Doc. No. 19 at 2548.) He asserts, that "[n]either the Magistrate nor the appellate court addressed the fact that these 'errors' directly reflect the State's egregious collaborating of witnesses at trial." (*Id.*) Petitioner fails, however, to argue cause and/or prejudice resulting from these minor misidentifications in the State's submission to the court of appeals.

Accordingly, petitioner's objection with respect to ground two is overruled.

---

[11] In the State's transcript exhibit list, Exhibit 37G was inaccurately identified as a photograph of blood stain #4, rather than as a photograph of a knife sheath. In the statement of facts contained in the State's brief before the court of appeals, the State identified the blood collected from crime scene marker #3 as belonging to victim Jason Reihner when, in fact, his blood was found in crime scene marker #1.

c.    *Ground Three*

Ground three challenges appellate counsel's failure to point out an alleged effect of the trial court's refusal to give the proffered jury instruction on aggravated assault, namely, that, when the jury was polled post-verdict, two jurors confirmed that the verdicts were theirs "according to the letter of the law." Petitioner argues that this demonstrates that at least two jurors were uncomfortable convicting him of a felony, but apparently saw no alternative, due to the fact that they were not given a choice of aggravated assault as an alternative to felonious assault. This argument was not made by counsel on direct appeal.

The R&R noted that, in ruling on petitioner's Rule 26(B) motion, the Ohio court of appeals explained that the evidence in the case did not warrant an aggravated felony instruction, that such instruction would have been incompatible with the claim of self-defense, and that the additional comments by the two jurors had no bearing on a proper resolution of the case. The R&R concluded that petitioner had failed to show that the court of appeals' resolution of this issue was unreasonable or contrary to law and, further, that his speculative assertion that "several fact finders were in conflict with the letter of the law they were allowed," was insufficient to overcome the highly deferential standard of *Strickland*.

By way of objection, petitioner asserts that, because everyone ignored his own testimony that he acted out of fear, a jury instruction on aggravated assault was denied, leaving the jury "forced" to convict him of felonious assault "according to the letter of the law." He asserts that appellate counsel was ineffective "for neglecting these key words from the jurors." (Doc. No. 19 at 2548.) He then points this Court to his traverse for "a detailed review of aggravated assault" and the *Strickland* standard. However, this does not satisfy the requirements of the case law cited above that an objecting petitioner must do more than rehash his previous

16

arguments. *See Aldrich v. Bock, supra*. Even so, petitioner's traverse merely asserts in a conclusory fashion that, had appellate counsel "exploited" the statement of the two jurors that they convicted "according to the letter of the law," the appellate court "would have recognized that 'according to the letter of the law' terror is a sudden passion[,]" (Doc. No. 14 at 2463), not just fear, which has been found insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion. (Doc. No. 9-6 at 355-56.) This assertion falls far short of an analysis of appellate counsel's behavior under *Strickland*.

This objection is overruled.

### d.    *Ground Four*

In ground four, petitioner asserts that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failure to move for a mistrial during voir dire when the trial judge "threatened the jury pool with jail" and when an alternate juror "gave a subtle unintelligible response when asked if he could be impartial." (Doc. No. 1 at 12.) He argues in his traverse that the judge's threats of jail "cut off meaningful responses to critical questions." (Doc. No. 14 at 2465.)

The R&R noted that the Ohio court of appeals considering petitioner's Rule 26(B) application, wherein this ground was raised, ruled that a mistrial would not have been warranted under the circumstances, since mistrials are reserved for instances where the ends of justice so require and a fair trial is no longer possible. As pointed out by the R&R: (1) with respect to the judge's threat of jail, the record reflects that defense counsel took immediate steps to clarify the judge's expectations of potential jurors with respect to the nature and scope of their answers during voir dire; and (2) with respect to the "unintelligible" response, the court of appeals properly pointed out that, immediately following that response, counsel moved to another line of

17

questions, which would surely not have occurred had the juror's response indicated an inability to be fair and impartial. The R&R concludes that petitioner has failed to establish that the decision of the court of appeals was a factually or legally unreasonable application of the law and, therefore, cannot form the basis for any ineffectiveness of counsel claim.

In objection, petitioner inserts new support for his "prejudiced jury" argument, namely, that "the bar's insurance owner was discovered in the jury pool, with an obvious stake in the outcome of this self-defense trial." (Doc. No. 19 at 2549.) He asserts that the situation was exacerbated when the trial judge joked about the number of jurors knowing him. (*Id*.) Petitioner believes that "[a]ny reasonable advocate would have been alarmed, if not concluded that a fair trial was highly unlikely." (*Id*.) This argument has never been raised before and need not be considered here; however, even if all of what petitioner argues were true, it does not address the cause and prejudice requirements of *Strickland*.

Petitioner also criticizes the R&R for concentrating only on the one juror who gave an unintelligible answer. He claims: "my point is potential jurors began answering critical questions subtle [sic] and 'unintelligible'." (Doc. No. 19 at 2549.) This is pure conjecture, unsupported by citations to the record.

Finally, petitioner faults the R&R for referring to the juror in question as an alternate and argues that the trial judge deviated from established procedure to "effectively inject the ex police officer who currently worked the prosecutor's office into the deliberating dozen with a card trick." (Doc. No. 19 at 2549.) This is wholly unsupported argument and, in any event, is unlinked in any fashion to a *Strickland* analysis.

Petitioner's objection as to ground four is overruled.

   *e.*  **Ground Five**

   In ground five, petitioner asserts that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failure to obtain the bar owner victim's toxicology results. This ground appears to have been raised for the first time in a pro se appeal from the denial of the pro se petition to vacate or set aside the judgment, and then again several months later in a pro se application to reopen the appeal. The argument was rejected in the first instance on the ground of *res judicata*, a ruling that was not appealed to the Ohio Supreme Court.[12] On the application to reopen, the court of appeals ruled that, since there was evidence in the record that the jury knew the bar owner was intoxicated, trial counsel's failure to obtain a toxicology report would not show deficient performance.

   The R&R concluded that, in light of record evidence that the jury was aware of the bar owner victim's consumption of alcohol prior to the stabbing incident, appellate counsel cannot be faulted for failing to raise an argument that trial counsel was ineffective for failing to obtain the toxicology report.

   Petitioner, by way of objection, argues that he has reason to believe the toxicology report was "withheld" because they "contained cocaine, which is relevant to Ohio's self-defense burden." (Doc. No. 19 at 2549.) He argues that neither the Magistrate Judge nor the appellate court "consider[ed] the detective who denied any previous knowledge of the victims' [sic] toxicology results." (*Id.*) He concludes that "defense counsel conspicuously changed the subject and neglected to point out that they were missing." (*Id.*) This, in turn, caused petitioner to

---

[12] When petitioner filed his application to reopen his appeal, there was as yet no ruling on his petition to vacate. This may explain why the Ohio court of appeals considered the claim on the merits in the context of the application to reopen even though, by the time of its ruling, it had also, months before, rejected the argument on *res judicata* grounds. The respondent here does not argue procedural default. Therefore, although this Court believes the issue is defaulted, it has examined the merits of petitioner's objection.

"los[e] faith in counsel's advocacy." (*Id.*) This lack of trust "had a perverse effect on he [sic] remainder of the trial, sentence and appeal." (*Id.* at 2550.) Petitioner asserts, in a conclusory fashion, with no supporting argument, that he now knows counsel was "concealing his own ineffectiveness, because he could have obtained the results with reasonable diligence." (*Id.*)

As with the other objections, there is simply no argument here pointing out any error in the R&R in light of the *Strickland* standard.

Accordingly, this objection is overruled.

### f.    *Ground Six*

In ground six, petitioner asserts that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failure to contact two "alibi eyewitnesses" to obtain statements prior to trial and for failure to proffer their testimony at trial. This issue was raised for the first time in petitioner's pro se appeal from the trial court's denial of his pro se petition to vacate or set aside the judgment of conviction.

The R&R concludes that petitioner has failed to show how either trial counsel's strategic decisions regarding what witnesses to contact pretrial or to call at trial, or appellate counsel's decision not to point to this as error, was objectively unreasonable or prejudicial under the *Strickland* standard.

Objecting, petitioner asserts that the R&R and the Ohio courts ignored a document from trial counsel's investigator that showed he had identified these two witnesses over two months prior to trial. (Doc. No. 19 at 2550.) He asserts that the "neglected document clearly shows counsel mislead [sic] the Court and violated my Sixth Amendment guarantee to a compulsory process for obtaining witnesses in my favor." (*Id.*)

Petitioner, again, utterly fails to show how these two alleged witnesses would have made a difference to the outcome of his trial. He fails to meet the *Strickland* requirements.

Accordingly, this objection is overruled.

### g.     *Ground Seven*

In ground seven, petitioner asserts that appellate counsel was ineffective for failure to raise trial counsel's ineffectiveness for using weak witnesses at trial when stronger witnesses were available. In particular, he challenges trial counsel's decision to call a witness named Davis instead of one named McCain, in light of the fact that McCain was purportedly the only witness who made a pre-trial statement that Ray Layne was not injured near the door of the establishment.

As with ground six, this issue was raised for the first time on appeal from the trial court's denial of the petition to vacate.

The R&R, as with ground six, deferred to trial counsel's strategy, especially because the record supports a conclusion that McCain's testimony might have supported the prosecution's theory that petitioner was the aggressor in this situation. Such a strategic decision cannot, in hindsight, be found objectively unreasonable or prejudicial.

Petitioner's objection with respect to this ground is as bereft of analysis under *Strickland* as all the other objections. He simply states: "I maintain counsel's failure to proffer a witness who he declared was next implies a dubious defense in the juror's mind." (Doc. No. 19 at 2550.)

The objection with respect to this ground is overruled.

### h.    Ground Eight

In ground eight, petitioner asserts that appellate counsel was ineffective for failure to raise trial counsel's ineffectiveness for failure to challenge the trial judge's notification to the jury that petitioner was in custody and wearing a leg restraint.

This ground was raised for the first time in petitioner's pro se application to reopen his appeal. It was rejected by the court of appeals because the leg restraint was placed discretely under Krug's clothing and because the trial court's disclosure was appropriate in view of the fact that the leg restraint caused Krug to limp and the court did not want the jury to infer from his limp that he was somehow disabled and, therefore, unable to carry out the offense. (Doc. No. 9-9 at 789-90.)

The R&R concludes that petitioner failed to show that appellate counsel's decision not to raise this as error was objectively unreasonable and prejudicial, or that the Ohio court of appeals unreasonably applied the law to the facts and circumstances of this case, especially in view of the fact that the trial court's statements were made with the specific intent to protect against improper inferences and were made only once.

In his objection, petitioner does not even attempt to argue ineffective assistance of counsel. He simply asserts that the R&R is incorrect and argues that it was error for the trial judge to advise the jury that he had not posted bond and was in leg restraints. This argument does not address the issue of ineffectiveness raised in ground eight.

This objection is overruled.

### i.    Ground Nine

In ground nine, petitioner asserts that appellate counsel was ineffective for failure to raise trial counsel's ineffectiveness for neglecting to explore the amount of prejudice that two

juror distractions caused: (1) a juror drawing pictures of Krug; and (2) prosecutors whispering at counsel table without covering their microphones.

This issue was raised for the first time in the pro se application to reopen the appeal. The court of appeals noted that the trial court admonished the picture-drawing juror and promptly discharged him, and, when notified of the whispering near the microphone, promptly rectified the situation. The court determined that because of these facts, appellate counsel was not required to raise a meritless claim on appeal. (Doc. No. 9-9 at 790.)

The R&R rejects as factually distinguishable petitioner's reliance on *Remmer v. United States*, 347 U.S. 227 (1945). In *Remmer*, there was an allegation that an unnamed person had actually spoken with a juror and the trial judge, acting ex parte, sent an FBI agent to investigate, to speak with the juror, and to prepare a report, which led the judge to conclude that nothing further should be said or done. The defendant learned of these actions only after the verdict. The Supreme Court held that he was entitled to a hearing to determine the effect of the communication and the investigation on the jury and whether he was prejudiced thereby.

Objecting to the R&R, petitioner simply asserts without support that "[g]iven the exceedingly conflicting testimony, counsel was unjustified in neglecting the distractions." (Doc. No. 19 at 2551.) There is no argument with respect to cause and/or prejudice, as required by *Strickland*.

This objection is overruled.

### III. CONCLUSION

For the reasons discussed above, petitioner's objections to the R&R are overruled and the R&R is accepted. The petition for writ of habeas corpus is denied and the case is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in

23

good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C.

§ 2253(c); Fed. R. App. P. 22(b).


**IT IS SO ORDERED**.


Dated: May 24, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

24